UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

GARY HOWINGTON, and
    KATHY HOWINGTON          CIVIL ACTION NO. 14-0464        d

VERSUS                    U.S. DISTRICT JUDGE DEE D. DRELL

JOHN ALDEN LIFE INSURANCE
    COMPANY              U.S. MAGISTRATE JUDGE JAMES D. KIRK

<u>REPORT AND RECOMMENDATION</u>

Before the court is a Motion to dismiss, and alternative motion for more definite statement, doc. #3, referred to me by the District Judge for Report and Recommendation.

This is a non-ERISA suit for insurance benefits under a health insurance policy issued by defendant, John Alden Life Insurance Company (Alden Life). Plaintiffs' suit, removed from state court, alleges that they purchased a health and accident policy from Alden Life in 2010 and paid their premiums on it. After John received medical care for diverticulitis and submitted his claims to defendant, Alden Life, Alden Life denied the claims asserting that the condition was not covered, citing a specific policy exclusion for preexisting conditions. Plaintiff alleges that the policy does not contain a policy provision excluding diverticulitis.

After removing this case on the basis of diversity jurisdiction, defendant filed the instant motion to dismiss seeking dismissal or a more definite statement on the basis that the policy was not attached to plaintiffs' state court petition and because plaintiffs failed to make specific reference to a policy provision which provides them coverage. Defendant also seeks dismissal based on the  language of the policy exclusion..

<u>Law and Analysis</u>

In considering a motion to dismiss, the court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. <u>Gines v. D. R. Horton, Inc.</u>, 699 F.3d 812 (5th Cir. 2012).  A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.  <u>Crowe v. Henry</u>, 43 F.3d 198, 203 (5th Cir. 1995).  While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct.1955 (2007). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Gines</u>, supra. This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. <u>Drewett v. Aetna Cas. & Sur. Co.</u>, 405 F.Supp. 877 (W.D. La. 1975).  In accord, *see* <u>Decker v. Massey-Ferguson, Ltd.</u>, 681 F.2d 111 (2nd Cir. 1982); <u>Elliott v. State Farm Mut. Auto Ins. Co.</u>, 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. <u>Bell</u>, supra.

Defendant's first argument is that "[p]laintiff's failure to attach the policy to its Complaint is fatal to the plausibility of its allegations." In support of its argument that a party suing on an insurance contract must attach the contract to his complaint, defendant cites two

cases: Gines, supra, and a decision by Senior Judge Walter in this district in Herrington v. American Security Ins. Co., docket number 11-1827. Defendant's attorney has mis-characterized the holdings in both cases. In Gines, the Fifth Circuit only recognized that, in deciding a motion to dismiss, a district court may not go outside the complaint, except that the court may consider documents which have been attached to the motion if they are referred to in the complaint and are central to the complaint and it implied that it would have considered the contract at issue had a copy been attached to the complaint.[1] The court did not hold that an insurance policy or contract is required to be attached to a complaint in order to state a claim under it. In Herrington, Judge Walter merely recited the same rule in deciding a motion for judgment on the pleadings. His decision does not require the attachment of a policy of insurance to the complaint.  Neither is there any Louisiana state case or statute which requires a party to attach a copy of the policy to the petition. This argument of defendant is meritless.

Next, defendant correctly points out that, in order to allege a valid claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision. Hibbets v. Lexington Ins. Co., 377 Fed Appx. 352, 355 (5th Cir. 2010); Herrington, supra. Defendant first complains that plaintiffs attached only a certificate of insurance from an unrelated insurer. However, it is quite obvious from reading the petition, that plaintiffs attached the certificate only as evidence that they had been continually covered by health insurance for purposes of Louisiana's statute regarding preexisting conditions, which is the crux of this dispute. To be fair, counsel should have pointed out that plaintiffs also specifically referred to the

---

[1]  The 5th Circuit has held that, in deciding a motion to dismiss, it is permissible for the court to consider documents attached to the complaint and any documents attached tot he motion to dismiss that are central to the claim and referenced by the complaint. McClaine v. Boeing Co., 544 Fed. Appx. 474 (5th Cir. 2013), citing Lone Star Fund V(US), LP v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

policy number of the Alden Life Policy and specifically identified the exclusion relied on by

defendant and even quoted part of the exclusion provision's language.

The dispute in this case is not about which policy provision provides coverage; rather, it

concerns defendant's assertion of a policy exclusion which, according to the complaint,

defendant raised in defense in earlier proceedings and which plaintiffs specifically referenced in

the complaint. Plaintiffs filed a claim and defendants denied the claim, according to the

allegations of the petition. Plaintiffs appealed, according to the petition and the claim was again

denied, on the basis of the exclusion. For defendant now to claim it does not understand what the

suit is about when it has a copy of its own policy which it issued and interpreted in prior

proceedings, and to suggest it does not know what policy provision is at issue here is, at the least,

disingenuous. I find that plaintiffs complied with Hibbets' requirement that the specific policy

provision be identified when they identified the exclusion as being contrary to Louisiana law or

having been misapplied to their claims. Defendants know full well that the issue in this case is

the interpretation of the exclusion language–the same language defendant relied on in twice

denying plaintiffs' claims.

Finally, defendants arguments on the merits as to the meaning of the policy provision

cannot be decided at this time and should be pretermitted.

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss and

alternative motion for more definite statement be DENIED.

## <u>OBJECTIONS</u>

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have

fourteen (14) calendar days from service of this Report and Recommendation to file specific,

written objections with the clerk of court. No other briefs or responses (such as supplemental

objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, March 27, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE